Filed 8/26/24  P. v. Looney CA3

<u>NOT</u> TO BE <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C098280 |
| v. | (Super. Ct. No. 22FE000083) |
| LARNELL LOONEY, | |
| Defendant and Appellant. | |

A jury convicted defendant Larnell Looney of voluntary manslaughter and possession of a firearm by a convicted felon.  It also found that he personally used a firearm.  In a bifurcated proceeding, the trial court found, among other things, that defendant had a prior serious felony conviction.  The trial court sentenced defendant to an aggregate state prison term of 37 years.

On appeal, defendant contends the trial court (1) was required to dismiss the firearm and prior serious felony enhancements under Penal Code section 1385,[1] and (2) abused its discretion in not giving great weight to certain mitigating circumstances and in imposing the maximum sentence.

Finding no error or abuse of discretion, we will affirm the judgment.

---

[1] Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

Defendant spent the day with his friend Antonio Amador on December 30, 2021. The two drank alcohol and consumed drugs. When they went to the house of defendant's mother-in-law to drop off some keys, defendant told his mother-in-law "shit" was going down. He then punched Amador in the face and body, causing Amador to fall to the ground. Defendant pointed a gun at Amador, told his mother-in-law that Amador was trying to kill him, and shot Amador. Amador died at the scene. Although witnesses did not see Amador do anything to provoke defendant's actions, defendant repeatedly asserted that Amador tried to kill him.

At trial, defendant testified that before they arrived at the mother-in-law's house, Amador had pointed a gun at defendant and threatened to shoot him. Defendant said he hit Amador at the mother-in-law's house because he saw Amador pulling out a gun. According to defendant, the gun went off after defendant grabbed it from Amador. Defendant said he shot Amador because Amador was going to kill him.

The jury found defendant not guilty of murder but guilty of voluntary manslaughter and possession of a firearm by a convicted felon. The jury also found that defendant personally used a firearm. The trial court found true multiple aggravating factors and the prior conviction allegations. At sentencing, the trial court denied defendant's motion to dismiss the prior strike allegation under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and it denied defendant's motion to dismiss the firearm and serious felony enhancements under section 1385. It sentenced defendant to 37 years in state prison, consisting of the upper term of 11 years for voluntary manslaughter, doubled for the prior strike, plus the upper term of 10 years for the firearm use enhancement, and five years for the prior serious felony conviction. Relevant details from the sentencing hearing will be set forth in the discussion portion of this opinion.

DISCUSSION

I

Defendant contends the trial court was required to dismiss the firearm and prior serious felony enhancements under section 1385, subdivision (c)(2)(B) and (C).

A

A trial court may, in the interests of justice, dismiss an enhancement otherwise required to be imposed under sections 12022.5 and 667, subdivision (a). (§§ 1385, 12022.5, subd. (c); *People v. Morelos* (2022) 13 Cal.5th 722, 769.) Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385 to specify factors a trial court must consider when deciding whether to dismiss sentencing enhancements. (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.) Those factors are set forth in section 1385, subdivision (c), which now provides in relevant part:

"(c)(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

"[¶] . . . [¶]

"(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed.

"(C) The application of an enhancement could result in a sentence of over 20 years.  In this instance, the enhancement shall be dismissed."

Defendant argues the phrase "shall be dismissed" in section 1385, subdivision (c)(2)(B) and (C) required the trial court to dismiss the firearm and prior serious felony enhancements because defendant's sentences exceeded 20 years and included multiple enhancements.

The meaning of the phrase "shall be dismissed" in section 1385, subdivision (c)(2)(B) and (C) is a question of statutory interpretation that we review de novo.  (*People v. Cota* (2023) 97 Cal.App.5th 318, 335 (*Cota*); *People v. Mendoza* (2023) 88 Cal.App.5th 287, 294 (*Mendoza*).)  " '[O]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose.'  [Citation.]  We begin by examining the statutory language because the words of a statute are generally the most reliable indicator of legislative intent.  [Citations.]  We give the words of the statute their ordinary and usual meaning and view them in their statutory context.  [Citation.]  We harmonize the various parts of the enactment by considering them in the context of the statutory framework as a whole.  [Citations.]"  (*In re C.H.* (2011) 53 Cal.4th 94, 100.)  "[E]ach sentence must be read not in isolation but in the light of the statutory scheme [citation] . . . ."  (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)

The prefatory phrase in subdivision (c)(2) expressly recognizes that a trial court exercises discretion in dismissing an enhancement.  It states, "[i]n exercising its discretion under this subdivision [(c)], the court shall . . . ," and sets forth mitigating circumstances a trial court exercising discretion must consider.  (§ 1385, subd. (c)(2).)  Similarly, section 1385, subdivisions (b) and (c)(3) and (c)(4) recognize that a trial court has discretion to dismiss an enhancement.  (§ 1385, subds. (a) ["The judge or magistrate may . . . order an action be dismissed."], (b) ["If the court has authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may  . . . ."], (c)(3) [" . . . the court may exercise its discretion at sentencing . . . ."], (c)(4) ["The

4

circumstances listed in paragraph [(c)](2) are not exclusive and the court maintains authority to dismiss or strike an enhancement in accordance with subdivision (a)."].) In addition, the statements in section 1385, subdivision (c)(2)(B) and (C) that "all enhancements . . . shall be dismissed" and "the enhancement shall be dismissed" are a subpart of the general provision in subdivision (c) that a "court shall dismiss an enhancement if it is in the furtherance of justice to do so." (*People v. Anderson* (2023) 88 Cal.App.5th 233, 239, review granted Apr. 19, 2023, S278786.) Dismissal of the enhancement is conditioned on a court's finding that dismissal is in the interests of justice. (*Ibid*.)

Other courts construing the "shall be dismissed" language in section 1385, subdivision (c)(2)(B) and/or (C) have concluded that those subdivisions do not mandate dismissal whenever multiple enhancements are alleged or the application of an enhancement could result in a sentence longer than 20 years. (*Cota, supra*, 97 Cal.App.5th at pp. 335-337; *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1284-1290; *Mendoza, supra*, 88 Cal.App.5th at pp. 294-297; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 17-21.) And the California Supreme Court's decision in *People v. Walker* (2024) _ Cal.5th _ [2024 Cal. LEXIS 4426] supports our construction. Although *Walker* does not address the issue before us, in construing section 1385, subdivision (c)(2)'s mandate to "afford great weight" to mitigating circumstances, the Supreme Court recognized that section 1385, subdivision (c)(2) contemplates an exercise of discretion by the trial court. (*Walker, supra*, 2024 Cal. LEXIS 4426, at *10 ["this 'furtherance of justice' [citation] inquiry requires a trial court's ongoing exercise of 'discretion' [citation]. Thus, notwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.' "].) We agree that section 1385, subdivision (c)(2)(B) and (C) did not require the trial court to dismiss the firearm and/or prior serious felony enhancements.

Defendant argues the language and structure of section 1385 establishes that the public safety exception does not apply to the dismissal of enhancements. But section 1385, subdivision (c)(2) indicates the enumerated circumstances weigh in favor of dismissing an enhancement unless dismissal would endanger public safety. Section 1385, subdivision (c)(2) expressly provides that dismissal of an enhancement is not required when there is a finding of danger to public safety.

Defendant's contention lacks merit.

## II

In addition, defendant argues the trial court abused its discretion in not giving great weight to certain mitigating circumstances and in imposing the maximum sentence.

In considering a claim of abuse of discretion, we presume the trial court was aware of and followed the applicable law. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114.) As the party attacking the sentence, defendant bears the burden of clearly showing that the trial court's decision was irrational or arbitrary. (*People v. Carmony* (2004) 33 Cal.4th 367, 367-377.)

Defendant asserts the following mitigating circumstances: that he experienced childhood trauma; his prior serious felony conviction was more than five years old; his criminal record consists of juvenile adjudications and felony convictions with short sentences; he will be at least 70 years old when he is released from prison; the current crimes were related to his mental health issues; and the victim of his instant crime was a dangerous person who defendant sincerely feared. But the trial court considered mitigating circumstances, along with defendant's criminal record and prospects and the circumstances of the current offenses. It considered that the prior conviction was over five years old and that defendant experienced trauma. It considered defendant's age and his mental health. But it also found that defendant had shown a willingness to engage in violent conduct and injure others. The trial court described defendant's prior convictions, which included possession of narcotics for sale while armed, spousal abuse, and robbery.

6

The probation officer's report, which the trial court considered, listed defendant's numerous prior convictions and juvenile adjudications. Defendant had two prior convictions related to firearm possession. The trial court found that defendant had repeatedly engaged in violent conduct and that multiple interventions had not deterred him. The trial court further found that defendant had never been able to conform to parole or probation conditions. He committed the current offenses while released on parole.

On this record, defendant has not established an abuse of discretion.

DISPOSITION

The judgment is affirmed.

_____/S/_____

MAURO, J.

We concur:

_____/S/_____

EARL, P. J.

_____/S/_____

MESIWALA, J.